## M. R. EVERETT *v.* C. G. RAGAN.

[Abstract Kentucky Law Reporter, Vol. 1—421.]

**Sheriff's Return on Summons Conclusive.**

Where the plaintiff at law acts in good faith, the sheriff's return on a summons showing that he served it is conclusive against the defendant in favor of the plaintiff, and if the sheriff acts contrary to his duty he is responsible to the injured party.

**Grounds for Vacating a Judgment.**

Where a plaintiff seeks by suit to vacate a judgment because procured without process served on him, he must allege fraud upon the part of the judgment plaintiff in procuring the return or mistake on the part of the sheriff in making it, and evidence of these facts is not admissible in the absence of such allegations.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 24, 1880.

OPINION BY JUDGE HARGIS:

This is an action brought by appellant to vacate a judgment rendered against him by the Montgomery Quarterly Court in favor of

appellee, by default, for unavoidable casualty or misfortune preventing him from appearing or defending.   Subsec. 7, Sec. 518, Civil Code.

It appears from the record that a blank printed form of a summons in ordinary, used by the circuit clerk, with "Montgomery Circuit Court" printed on it, was filled up by the quarterly court judge, who is ex officio clerk of that court, by first crossing the printed word "circuit" with the pen and writing the word "quarterly" above it.   But in making the copy which the sheriff delivered to appellant, the word "quarterly" was not substituted for the word "circuit."

To the original and copy, the name of the quarterly court judge was signed in his official capacity.   The sheriff returned the original endorsed "Executed June 6, 1877, on M. R. Everett, by delivering to him a true copy of the within summons," with his signature thereto.

There is no doubt in our minds that the summons served on appellant commanded him to appear in the Montgomery Circuit Court, but this fact established by the proof is contradictory to the sheriff's return.   The question which meets us at the threshold of this case is : Can his return be contradicted in the manner in which appellant seeks to do it?

As to other points raised we do not consider them material under the view we are compelled to take of the question stated.   This court held in the case of *Taylor v. Lewis,* 2 J. J. Marsh. 400, that where the plaintiff at law acts in good faith and the sheriff returns the process executed, when in truth it never was, the return is conclusive against the defendant in favor of the plaintiff, and if the sheriff acts contrary to his duty he is responsible to the party injured.   To the same effect is the case of *Walker v. Robbins,* 14 How. U. S. 584, and also *Johnson v. Jones,* 2 Nebr. 126.

But it is insisted that under Sec. 17, Chap. 81, General Statutes, the sheriff's return can be attacked for mistake.   It is not necessary that we should construe that statute, as the case before us does not raise any question demanding its construction.   And without intending to intimate our views upon the question under the statute, we are of the opinion that as the appellant failed to allege fraud upon the part of the appellee in procuring the return or mistake on the part of the sheriff in making it, no amount of proof would avail

him under the well established rule that evidence without averment cannot support a cause of action.

We are therefore constrained to *affirm* the judgment.

*Turner & Wood, N. P. Reid, for appellant.*

*H. C. McKee, J. J. Cornelison, for appellee.*